UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KWABENA SAFO AGYEKUM

                       Plaintiff,

          -against-                              11 CV 4000 (CM)

THE CITY OF NEW YORK, et al.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEGAL FEES, COSTS AND EXPENSES

REIBMAN & WEINER

Attorneys for Plaintiff Kwabena Safo-Agyekum

26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

*Of Counsel*:
Michael B. Lumer, Esq.

## <u>Table of Contents</u>

<u>Page</u>

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

POINT I          THE FEES, COSTS AND EXPENSES SOUGHT
                 ARE REASONABLE AND SHOULD BE
                 AWARDED IN THEIR ENTIRETY. . . . . . . . . . . . . . . . . . . . . . . . . .  2

                 A.     Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

                 B.     Defendants Are Collaterally Estopped
                        from Challenging Mr. Lumer's Hourly Rate. . . . . . . . . . . . . . .  5

                 C.     The Time Expended Was Reasonable.. . . . . . . . . . . . . . . . . . .  7

                 D.     The Expenses Incurred Were Reasonable. . . . . . . . . . . . . . . .  8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**Table of Authorities**

<u>Cases</u>                                                                                          <u>Pages</u>

*Barbour v. the City of White Plains*,
788 F. Supp. 2d 216 (S.D.N.Y. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Blount v. City of New York*,
11 CV 124 (BMC). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris, Inc.*,
190 F.Supp.2d 407 (E.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Blum v. Stenson*,
465 U.S. 886 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2-4

*Capone v. Patchogue-Medford Union Free Sch. Dist.*,
2011 U.S. Dist. LEXIS 18194 (E.D.N.Y. Feb. 23, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Hensley v. Eckerhart*,
461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Kassim v. City of Schenectady*,
415 F.3d 246 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Manzo v. Sovereign Motor Cars. Ltd.*,
2010 WL 1930237, at *8, (E.D.N.Y.), aff'd. 2011 WL 1447610, at *1 (2d Cir. 2011). . . . . . . . . . . . . .  6

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*,
831 F.2d 407 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Millea v. Metro-North Railroad Co.*,
68 F.3d 154 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Morgenstern v. County of Nassau*,
2009 WL 5103158(E.D.N.Y. Dec. 15, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Perdue v. Kenny A.*,
130 S. Ct. 1662 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3

*Polk v. New York State Dep't of Corr. Servs.*,
722 F.2d 23 (2d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC,*
553 F. Supp. 2d 201 (E.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Purdy v. Zeldes,*
337 F.3d 253 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Quaratino v. Tiffany & Co.,*
166 F.3d 422 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Reiter v. MTA New York City Transit Authority,*
457 F.3d 224 (2d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rodriguez v. Pressler & Pressler, LLP,*
2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009). . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Tips Exports, Inc. v. Music Mahal, Inc.,*
2007 U.S. Dist. LEXIS 84399 (E.D.N.Y. Mar. 27, 2007). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Torres v. City of New York,*
2008 WL 419306 (S.D.N.Y. Feb. 14, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wise v. Kelly,*
2008 WL 482399 (S.D.N.Y. Feb. 21, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KWABENA SAFO AGYEKUM

                    Plaintiff,

          -against-                                    11 CV 4000 (CM)

THE CITY OF NEW YORK, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## Preliminary Statement

          This case concerns allegations by the plaintiff that he was falsely arrested and

imprisoned by police officers on October 10, 2008, and maliciously prosecuted thereafter.

Plaintiff has also alleged that he was subjected to excessive force during his arrest.  On April

19, 2012, defendant City of New York served an offer of judgment on plaintiff pursuant to

Fed. R. Civ. P. 68 in the amount of $200,001, plus reasonable attorney's fees, expenses and

costs to the date of the offer.  Plaintiff accepted the offer of judgment on May 3, 2012, and

filed his notice of acceptance that day.  the same day.  *See* Docket entry of May 3, 2012,

Document 21.

          Plaintiff now moves for an award of attorney's fees, expenses and costs in the

amount of $28,013.20, pursuant to Fed. R. Civ. P. 54 and the express terms of the

defendant's offer of judgment.

**ARGUMENT**

**POINT I**

**THE FEES, COSTS AND EXPENSES
SOUGHT ARE REASONABLE AND
SHOULD BE AWARDED IN THEIR
ENTIRETY**

A.    <u>Legal Standard</u>

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see, e.g.*,  *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009); *Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, No. 05 Civ. 5442 (SAS) (THK), 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008).  In a recent decision, *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence."  130 S. Ct. 1662, 1672 (2010) (internal quotes and citations omitted).  The Court further noted that this method was "readily administrable" and "objective"; and that "there is a strong presumption' that the lodestar figure is reasonable."  *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006), quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).  The relevant "community" from which this rate should be derived is "the district in which the court sits."  *Polk v. New York*

*State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983).  Courts may rely upon its own

knowledge of private firm hourly rates in deciding what reasonable rates are in the

community.  *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d

Cir. 1987).

As the Court noted in *Blum*, "Congress directed that attorney's fees be

calculated according to standards currently in use under other fee-shifting statutes: 'It is

intended that the amount of fees awarded under [§ 1988] be governed by the same standards

which prevail in other types of equally complex Federal litigation, such as antitrust cases.'"

Blum, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)). The Court continued,

> the critical inquiry in determining reasonableness is now
> generally recognized as the appropriate hourly rate…To inform
> and assist the court in the exercise of its discretion, the burden is
> on the fee applicant to produce satisfactory evidence – in
> addition to the attorney's own affidavits – that the requested
> rates are in line with those prevailing in the community for
> similar services by lawyers of reasonably comparable skill,
> experience, and reputation. A rate determined in this way is
> normally deemed to be reasonable, and is referred to – for
> convenience – as the prevailing market rate.

*Id.* at 898.

*Perdue* describes a reasonable fee, set at the "prevailing market rate in the

relevant community," as one "that is sufficient to induce a capable attorney to undertake the

representation of a meritorious civil rights case." *Perdue*, 130 S. Ct. at 1672 (citations omitted).

This requires that the courts grant full "lodestar" recoveries in successful cases, including

reference to the "prevailing market rates in the relevant community…governed by the same

standards which prevail in other types of equally complex Federal litigation, such as antitrust

3

cases." Blum, 465 U.S. at 893.

In determining a reasonable fee, a court must also bear in mind the well-settled

principle that an appropriate award under § 1988 need not be proportional to the damages

recovered in the underlying litigation.

> [Section] 1988 was enacted in part to secure legal representation
> for plaintiffs whose constitutional injury was too small, in terms
> of expected monetary recovery, to create an incentive for
> attorneys to take the case under conventional fee arrangements.
> Reasoning that a rule calling for proportionality between the fee
> and the monetary amount involved in the litigation would
> effectively prevent plaintiffs from obtaining counsel in cases
> where deprivation of a constitutional right caused injury of a
> low monetary value, we have repeatedly rejected the notion that
> a fee may be reduced merely because the fee would be
> disproportionate to the financial interest at stake in the
> litigation…If the district court reduced the fee in the belief that
> the claimed hours were simply disproportionate in a case
> involving a $2500 injury, without regard to the reasonableness
> of the attorney's expenditure of time in responding to the
> particular circumstances, this was error.

*Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005); see also *Millea v. Metro-North

Railroad Co.,* 68 F.3d 154 (2d Cir. 2011) ("Especially for claims where the financial recovery is

likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary

to the purpose of fee-shifting statutes. . . [t]he whole purpose of fee-shifting statutes is to

generate attorneys' fees that are *disproportionate* to the plaintiff's recovery.") (emphasis in

original); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 (2d Cir. 1999) (rejecting a "billing

judgment" rule that would limit an awardable fee to one rationally related to the recovery that

could be expected *ex ante*).

Put simply, the plaintiff is entitled to recover his legal fees based on an

4

evaluation of the number of hours reasonably expended on the litigation multiplied by a
reasonable hourly rate.  In this case, both counsel's rate and the amount of time spent on the
litigation are reasonable, and thus plaintiff should be permitted to recover the full amount
sought.

B.      Defendants Are Collaterally Estopped
        from Challenging Mr. Lumer's Hourly Rate

          In August 2011, the Hon. Brian M. Cogan, ruling on an application for fees
following the acceptance of Rule 68 Offer of Judgment, held that Mr. Lumer's hourly rate of
$425 was reasonable and in accordance with the rates of other attorneys of similar experience
who practice in this district.  *Blount v. City of New York*, 11 CV 124 (BMC).  The Court's
decision, grounded in citations to controlling authority, referenced counsel's lengthy
experience and able performance in multiple actions before the Court, and framed the rate in
the context of current hourly rates, noting "[c]ourts in this district have approved hourly
rates exceeding $400 for high-caliber civil rights attorneys."  *Id.*  Notably, the City had
opposed Mr. Lumer's motion, but did not challenge his requested rate, effectively conceding
its reasonableness.  The municipal defendant did not seek reconsideration nor did they
appeal.

          The City of New York is therefore collaterally estopped from challenging Mr.
Lumer's rate here.  As the Second Circuit has previously held,

          Under federal law, collateral estoppel applies when (1) the
          identical issue was raised in a previous proceeding; (2) the issue
          was actually litigated and decided in the previous proceeding; (3)

5

the party had a full and fair opportunity to relitigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

*Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (internal quotation marks omitted).

The issue of Mr. Lumer's hourly rate was squarely raised in *Blount* in a motion seeking fees from the same municipal defendant which was defended by the same unit within the New York City Law Department. The motion was fully briefed and decided, and the defendant had every opportunity to appeal from Judge Cogan's decision. The district court's decision was necessary to bring closure to the case, in which judgment was already entered in favor of plaintiff pursuant to an offer of judgment. As the defendants cannot challenge the reasonableness of counsel's hourly rate, the Court should summarily confirm this aspect of the motion for fees and costs.

Moreover, Judge Cogan's decision was entirely correct. Mr. Lumer's rate is reasonable and in keeping with that of other, similar civil rights attorneys. For instance, in a recent Southern District decision, plaintiffs' counsel in *Barbour v. the City of White Plains*,788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011), were awarded hourly rates of $625 and $450. In Eastern District decisions, rates have been awarded that range from $400 to $580. *See Rodriguez v. Pressler & Pressler*, LLP, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) (awarding $450 per hour to civil rights attorney); *Manzo v. Sovereign Motor Cars. Ltd.*, 2010 WL 1930237, at *8, (E.D.N.Y. May 11, 2010), (aff'd. 2011 WL 1447610, at *1 (2d Cir. 2011) (awarding $480 to lead trial counsel and $360 to attorney who served as lead counsel prior to trial); *Blue Cross & Blue Shield of New Jersey, Inc. v. Phillip Morris, Inc.*, 190 F.Supp.2d 407, 425–29 (E.D.N.Y. 2002) (finding reasonable fees of $540 per hour for senior partners; $312.00 to $449 per hour to be reasonable rates for other partners; $273 per hour reasonable

for associates); *Morgenstern v. County of Nassau*, 2009 WL 5103158, at *16–18 (E.D.N.Y. Dec. 15, 2009)

(awarding $400 per hour in a Section 1983 civil rights case) .

   Accordingly, the Court should summarily confirm Mr. Lumer's hourly rate of

$425 as reasonable.


C.  <u>The Time Expended Was Reasonable</u>

   The 63.8 hours expended by counsel are also reasonable.  The underlying case

involves a violent arrest by many officers, resulting in serious physical injury to the plaintiff

who required two surgeries as a result. There were hundreds of pages of medical records,

dozens of pages of criminal paperwork, a video on YouTube that had to be tracked down,

and a variety of problematic legal issues brought about by failures by plaintiff's first counsel,

and the blown statute of limitations for certain state law claims.

   As reflected in counsel's time records, counsel annexed as Exhibit 1 to the

accompanying Declaration of Michael Lumer, there was no excessive or unnecessary

expenditures of time.  While there was a lot of back and forth between counsel, every effort

was made to work efficiently and without undue motion practice.  This is borne out by the

time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

   Counsel was able to secure an offer of $200,001 without taking depositions or

paying expert witnesses through $27,115 in time.  Clearly, the work itself was productive,

and, as the time records make clear, both necessary and efficient.  Indeed, additional work

was performed by Mr. Lumer and other members and staff of Reibman & Weiner.  This is

indicated in Mr. Lumer's declaration, and also in the time records.  For instance, Mr. Lumer

had several conferences with colleagues about this matter.  Yet, the firm is not seeking to

recover for the other attorneys' time, though such conferences are billable.  Similarly, Steven

Weiner, Esq., who is also a medical doctor, handled certain communications with plaintiff's

doctors.  Because these entries were not properly memorialized, plaintiff has elected not to

seek recovery.  Moreover, Mr. Lumer has not billed for every phone call with his client or

defense counsel, nor has he sought to recover for every passing conversation with his

colleagues.  Accordingly, even if the bill as presented is paid in full, Reibman & Weiner will

not be fully compensated for the time expended in this matter.  In any event, the time

expended was reasonable and necessary, and  should be fully awarded.


D.     The Expenses Incurred Were Reasonable

        Finally, the Court should award plaintiff $898.20 in costs.  The filing fee of

$350 is a necessary and unavoidable cost in the case, and the $280 for service of process on

seven defendants is below current market costs for such services.  Finally, $268.20 was spent

obtaining copies of plaintiff's various medical records. Notably, plaintiff is not seeking to

recover *every* expense, such as postage, copying and subway fare expended on trips to Court.

As the Hon. Joanna Seybert recently held, "[c]osts are ordinarily recoverable where they are

'incidental and necessary to the litigation.;" *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04

CV 2947, 2011 U.S. Dist. LEXIS 18194 at 14 (E.D.N.Y. Feb. 23, 2011), quoting, *Tips*

*Exports, Inc. v. Music Mahal, Inc.*, 01 CV 5412, 2007 U.S. Dist. LEXIS 84399, at *11 (E.D.N.Y.

Mar. 27, 2007).  Moreover, Judge Seybert found, "[t]hese costs routinely include filing fees,

process servers, postage, travel, and photocopying." *Id.; See also, Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC,* 553 F. Supp. 2d 201, 210-11 (E.D.N.Y. 2008) (reviewing numerous cases in which courts held that attorneys have a right to recover the costs of filing, service of process, photocopying, travel, postage, and express mail).  The costs sought here are typical costs incurred in such actions and well within reasonable limits.


## **CONCLUSION**

For the foregoing reasons, the Court should award plaintiff the entirety of the legal fees requested, in the amount of $27,115.00, as well as costs in the amount of $898.20, for a total award of $286013.20.


Dated: Brooklyn, New York
      June 19, 2012

                    REIBMAN & WEINER
                    Attorneys for Plaintiffs

                    s/
      By:   _____
                    Michael B. Lumer (ML-1947)
                    26 Court Street, Suite 1808
                    Brooklyn, New York 11242
                    (718) 522-1743


To:    Matthew Weir, ACC
        Special Federal Litigation Unit
        New York City Law Department
        100 Church Street
        New York, New York 10007